UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA HARDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:14-cv-1931 |
| | ) |
| INDIANA UNIVERSITY | ) |
| HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Linda Harding ("Harding"), brings this action against Defendant, Indiana University Health, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et seq*., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*

## PARTIES

2. Harding has resided within the Southern District of Indiana at all relevant times.

3. Defendant conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. § 1981, and 29 U.S.C. § 630(b).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

6. Harding is an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

7. Harding satisfied her obligations to exhaust her administrative remedies, having

timely filed her Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination. Harding received her right-to-sue notice and now timely files her Complaint with the Court prior to the expiration of the ninety (90) day window for filing.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the Southern District of Indiana. Venue is, therefore, proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Harding is an African-American.

10. At all relevant times, Harding has been a member of the protected age group as defined by the ADEA.

11. Harding commenced her employment with Defendant in or about June 2001.

12. At the time her employment was terminated, Harding held the position of Registered Nurse.

13. At all times relevant herein, Harding satisfied Defendant's legitimate performance expectations.

14. On October 17, 2013, Harding was scheduled to work for Defendant from 7:00 P.M. until 7:00 A.M.

15. Prior to the start of her shift that evening, a Charge Nurse for Defendant contacted Harding and informed her that she was not needed to work that evening, and instead would be "on call."

16. Harding responded that she would prefer not to be "on call," if possible. The Charge Nurse responded that it would determine if another employee wanted to be "on call."

17. Later, the Charge Nurse again contacted Harding to inform her that it no longer needed her to be "on call" because another employee had volunteered.

18. After the beginning of the shift, the Charge Nurse contacted Harding and asked her if she was coming to work.

19. Harding responded that it was her understanding that she was not needed that evening, but that she would report as soon as possible.

20. Harding went in and worked the remainder of the shift.

21. On or about October 21, 2013, after working a twelve hour shift, Harding reviewed her time card and noticed she had failed to clock in for her shift on October 17, 2013.

22. Harding submitted a "Time Correction Sheet" with the normal shift start time of 7:00 P.M., forgetting that she had reported to work after the normal start time that evening.

23. Shortly thereafter, Defendant asked Harding about the discrepancy between her Time Correction Sheet and the time she had reported to work.

24. Harding readily admitted her oversight to Defendant.

25. On or about November 4, 2013, Defendant terminated Harding for allegedly fraudulently misrepresenting her time and falsifying her time card.

26. On information and belief, Defendant possessed no information to suggest that Harding's actions were a deliberate attempt to defraud.

27. On information and belief, Harding received disparate treatment compared to other, similarly situated employees not in her protected class(es) and/or who did not participate in protected activity.

28. Defendant's stated reasons for its actions are pretextual.

## CAUSES OF ACTION

### I. Race Discrimination - Title VII

29. Harding incorporates paragraphs one (1) through twenty eight (28) of her Complaint as if they were set forth at length herein.

30. Defendant willfully, intentionally, and with malice or reckless disregard of Harding's civil rights discriminated against Harding with respect to the terms and conditions of her employment because of her race, African-American.

31. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

32. Harding has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

### II. Race Discrimination - Section 1981

33. Harding hereby incorporates paragraphs one (1) through thirty two (32) of her Complaint.

34. Harding's employment relationship with Defendant was contractual by nature.

35. Defendant willfully, intentionally, and with malice or reckless disregard of Harding's civil rights, engaged in unlawful and discriminatory employment practices because of Harding's race, African-American.

36. Defendant's actions violate the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

37. As a direct and proximate result of Defendant's unlawful actions, Harding has suffered, and continues to suffer, damages.

### III. Age Discrimination – ADEA

38. Harding hereby incorporates paragraphs one (1) through thirty seven (37) of her

Complaint.

39. Defendant willfully, intentionally, and with malice or reckless disregard of Harding's civil rights discriminated against Harding based on her age.

40. Defendant's actions violate the Age Discrimination in Employment Act.

41. Harding has suffered, and continues to suffer, harm as a result of Defendant's actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Linda Harding, requests the judgment of this Court against Defendant as follows:

1. Find and hold that Harding has suffered from Defendant's acts of unlawful discrimination and retaliation and issue a declaratory judgment that Defendant's acts violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, and/or;

2. Permanently enjoin Defendant, its officers, agents, employees, and attorneys acting in concert with them from engaging in any employment policy or practice that discriminates against any person for exercising his or her statutorily protected rights, and/or ;

3. Order Defendant to pay Harding for her lost wages and benefits, and/or;

4. Order Defendant to reinstate Harding or pay Harding front pay in lieu of reinstatement, and/or;

5. Order Defendant to pay an award of compensatory damages to Harding in an amount sufficient to compensate her for her emotional distress, humiliation, inconvenience, loss of self esteem, and similar emotions suffered as a result of Defendant's unlawful acts, and/or;

6. Order Defendant to pay an award of punitive damages in an amount sufficient to punish Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, and/or;

7. Order Defendant to pay liquidated damages to Harding, and/or;

8. Order Defendant to pay Harding's attorneys' fees, litigation expenses, and costs incurred as a result of this action, and/or;

9. Order Defendant to pay Harding's pre- and post-judgment interest on all sums recoverable, and/or;

10. Award any and all other relief as may be just and proper.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Tel: (317) 955-9500 Fax: (317) 955-2570
jhaskin@jhaskinlaw.com
jcleveland@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Linda Harding, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)